JAMES D. BING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bing v. Commissioner
Docket No. 23714-93.
United States Tax Court
T.C. Memo 1995-445; 1995 Tax Ct. Memo LEXIS 445; 70 T.C.M. (CCH) 743; September 20, 1995, Filed *445 Decision will be entered for respondent, except with respect to the section 6661(a) additions to tax as to 1986, 1987, and 1988. James D. Bing, pro se. Anita A. Gill, for respondent. COHEN, Judge COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in, additions to, and penalties with respect to petitioner's Federal income taxes as follows: Additions to Tax and Penalties
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6661(a)
6662(a)
1986
$ 1,366
$ 342
$ 68
$ 342
-- 1987
1,378
345
69
345
-- 1988
1,580
395
79
395
-- 1989
3,545
355
--
-- $ 709
1990
2,562
641
--
-- 512
1991
3,861
579
--
-- 772
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. In her trial memorandum, respondent conceded that petitioner is not liable for the additions to tax under section 6661(a). After concessions by petitioner, the issues for decision are whether petitioner is entitled to net operating loss carryforwards and depreciation deductions *446 in relation to various business activities reported on Schedule C of his returns and whether he is liable for the additions to tax for late filing of his returns for the years in issue and the additions to tax and penalties for negligence. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Cleveland, Ohio, at the time that his petition was filed. During the years in issue, petitioner operated several businesses related to his training as an optometrist. Some of the businesses were commingled with his mother's business activities. Petitioner purchased a variety of vehicles and other equipment over the years for use in relation to the businesses, but he failed to keep adequate books or records of the acquisition, use, or disposition of the vehicles and equipment. On his tax returns for the years in issue and for earlier years, petitioner deducted the cost of some vehicles and equipment and depreciated others. In several years, including the years in issue, he claimed depreciation on the same items that had been deducted in earlier years. On his tax returns for the years in issue, *447 petitioner claimed net operating loss deductions described as "temp" in amounts ranging from $ 300,000 to $ 557,323.18. Petitioner's claimed net operating loss deductions were constantly changing during the course of audit of his returns and include unsubstantiated claims resulting from his perception that he was a victim of extortion and theft beginning no later than 1976. Petitioner's returns for 1986 through 1989 were filed June 1, 1990. His returns for 1990 and 1991 were filed October 30, 1992. Petitioner did not have reasonable cause for the late filing of his returns. Petitioner understated his gross receipts by $ 43,514 for 1986, $ 112,566 for 1987, $ 39,883 for 1988, and $ 28,548 for 1989. Petitioner's depreciation expenses for 1987 and 1988 were overstated by at least $ 16,420 and $ 12,160, respectively. His materials and supplies expense for 1987 was overstated by $ 106,708. Petitioner understated his taxes for each of the years in issue, and the understatement for each year was due to negligence. OPINION Petitioner has the burden of proving that he is entitled to the deductions that he claims. Rule 142(a); ; *448 . At trial, petitioner presented a few receipts, copies of checks, and various schedules purporting to support the additional deductions that he claims for depreciation and net operating loss carryovers. He complained about the competency of the agent who examined his return. Because petitioner's schedules were constantly changing and lack any semblance of organization, it is impossible to determine what items have previously been deducted and allowed and what items, if any, relate to the business activities conducted by petitioner during the years in issue. It is apparent that the examining agent overcame many obstacles in allowing the deductions and making the adjustments reflected in the statutory notice. Petitioner conceded during his testimony that he and his mother merged and commingled their business activities and assets; that decisions to deduct currently or capitalize and depreciate various acquisitions were made sporadically; that he is now claiming deductions for depreciation on items that previously were claimed and allowed as fully deductible during an earlier year; and that he *449 could not, by the time of trial in June 1995, state exactly what amounts were still in issue. On this record, no additional allowances for depreciation or net operating loss carryovers may be made. The only thing clear from the record is that petitioner is liable for the additions to tax for negligence. The applicable analysis was recently set forth in , and is incorporated here as follows: Petitioners' returns, which are in evidence, simply prove that these were the returns that were filed; they are not self-proving as to the truth of their contents. , affd. ; . By the same token, the worksheets that were used to produce the 1986, 1987, and 1988 returns (at least in part) may be accurate as showing the workpapers which were used in fact to produce the returns, but petitioners cannot lift themselves by their own bootstraps and claim that these workpapers, generated by themselves, although used to prepare the *450 returns, are therefore true and accurate. There is nothing else in this record, including testimony from any witness, as to the amount and allowability as a deduction of any losses for 1986, 1987, and 1988, which could be properly carried forward and applied against petitioners' income for 1989 and 1990. On this issue, we must therefore uphold respondent's determination.
In Myers, the years in issue were 1989 and 1990, and the claimed carryovers were from 1986, 1987, and 1988. Here, petitioner's net operating loss carryover is claimed to have originated in 1977, and the years in issue are 1986 through 1991. The total losses that he claims are inherently improbable under the circumstances. Thus, this is an a fortiori case for disallowance of any further deductions, as well as application of the additions to tax and penalties in issue. Decision will be entered for respondent, except with respect to the section 6661(a) additions to tax as to 1986, 1987, and 1988.